UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTEN L. MARANO,<br>        *Plaintiff*,<br><br>           v.<br><br>EDWARD R. PETRUCCI,<br>        *Defendant*. | No. 3:16-cv-01696 (JAM) |

**ORDER OF DISMISSAL FOR LACK OF FEDERAL JURISDICTION**

Plaintiff has filed this lawsuit against her father who is currently serving a 57-month federal prison sentence. Because the complaint alleges solely state law claims involving fraud, misrepresentation, and unjust enrichment, the only basis—if any—for federal jurisdiction over this lawsuit is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The complaint seeks to establish diversity jurisdiction by alleging that plaintiff "is a Connecticut resident" and that "defendant is a resident of the Bureau of Prisons, at Otisville Correctional Center, Otisville, New York." Doc. #1 at 2. Although defendant may now be housed at a prison in New York, the record from his federal criminal prosecution makes clear that his address of record was in Connecticut prior to the commencement of his imprisonment in November 2015.

Federal courts have subject-matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and where the parties are "citizens of different States." 28 U.S.C. § 1332(a). A natural person's state of citizenship for purposes of diversity jurisdiction is his state of domicile, which is defined as the state in which a person is both present and intends to remain for the indefinite future. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A party's domicile is "the place where a person has his true fixed home and principal

establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

It is a plaintiff of course who bears the burden to establish a federal court's jurisdiction. "When federal jurisdiction is grounded on diverse citizenship, it must affirmatively appear in the pleadings or from facts clearly proven that diversity of citizenship exists between all the plaintiffs on the one hand and all the defendants on the other." *Levering & Garrigues Co. v. Morrin*, 61 F.2d 115, 117 (2d Cir. 1932). As I have previously discussed at some length, a plaintiff who chooses to invoke a federal court's diversity jurisdiction must at the least allege facts that plausibly support the requirements for diversity jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 154–56 (D. Conn. 2016).

Plaintiff has not met her burden here. To the contrary, the complaint alleges only the states of *residency* of the parties rather than their states of *domicile*. The Supreme Court has explained that "'[d]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Holyfield*, 490 U.S. at 48.

Moreover, for purposes of lawsuits like this one that are brought by or against a prison inmate, the prisoner is presumed to be a domiciliary of his state of origin, rather than his state of incarceration. *See, e.g.*, *Allen v. Mag-Ent*, 2015 WL 8770078, at *3 (E.D.N.Y. 2015); *Collazo-Portillo v. D'Avirro*, 2007 WL 1614527, at *3 (D. Conn. 2007). Although this presumption is rebuttable, the complaint does not allege facts to rebut the presumption here. *See Allen*, 2015 WL 8770078, at *3 (noting that "this presumption is rebutted only when a prisoner can show truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration" and that "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile"). Accordingly, the

complaint on its face fails to set forth facts that would plausibly sustain the exercise of federal diversity jurisdiction in this case.

## CONCLUSION

The complaint is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of federal jurisdiction. If plaintiff can plead facts in good faith consistent with Fed. R. Civ. P. 11 that are adequate to sustain this Court's jurisdiction, then she may file a motion to reopen and an amended complaint within 30 days.

It is so ordered.

Dated at New Haven, Connecticut, this 17th day of October 2016.

                                             /s/ *Jeffrey Alker Meyer*
                                             Jeffrey Alker Meyer
                                             United States District Judge